ACCEPTED
14-15-00322-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/8/2015 1:54:10 PM
CHRISTOPHER PRINE
CLERK

NO. 14-15-00322-CV

_____

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS
AT HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/8/2015 1:54:10 PM
CHRISTOPHER A. PRINE
Clerk

_____

GLENN BECKENDORFF, IN HIS OFFICIAL CAPACITY AS
WALLER COUNTY JUDGE

*Appellants*

V.

CITY OF HEMPSTEAD, TEXAS AND
CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD

*Appellees*

_____

On Appeal from the 506TH Judicial District Court of Waller County, Texas
Honorable Terry Flenniken, Presiding

_____

MOTION TO DISMISS

_____

TO THE HONORABLE FIRST OR FOURTEENTH[1] COURT OF APPEALS:

Appellee, the City of Hempstead, Texas moves to dismiss the appeal.

## I.   Background

Appellants, Glenn Beckendorff, in his official capacity as Waller County

Judge, Frank Pokluda, in his official capacity as Waller County Precinct Two

---

[1] Pursuant to the courts' local rules, this case should have been assigned to the First Court of Appeals. A motion to transfer was filed 3 June 2015.

1

Commissioner, and Stan Kitzman, in his official capacity as Waller County Precinct Four Commissioner, appeal from the trial court's judgment signed 20 February 2015.

In the underlying lawsuit, the parties were as follows:

**Plaintiff**: City of Hempstead

**Plaintiff-Intervenor**: Citizens Against the Landfill in Hempstead ("CALH")

**Defendants**: Waller County; Glenn Beckendorff, in his official capacity as Waller County Judge; Frank Pokluda, in his official capacity as Waller County Commissioner; Stan Kitzman, in his official capacity as Waller County Commissioner; Jeron Barnett, in his official capacity as Waller County Commissioner; John Amsler, in his official capacity as Waller County Commissioner; and Pintail Landfill, LLC.

After a jury trial, the parties entered into a settlement agreement that included an agreed judgment. All parties moved for the trial court to enter the agreed judgment. At the time the trial court entered judgment, Beckendorff, Pokluda, and Kitzman, had been succeeded in office by the current Waller County elected officials. *See* Exhibit A (Copy of the Waller County website listing its elected officials).[2]

The trial court entered judgment on 20 February 2015. Exhibit B. A timely filed motion for new trial was not filed. Beckendorff filed his notice of appeal more than 30 days later on 6 April 2015. Exhibit C. Kitzman and Pokluda filed their notices of appeal on 15 April 2015. Exhibit D.

As the facts above show, there are three grounds for dismissal:

---

[2] The City of Hempstead requests this Court take judicial notice of the elected officials. The facts are generally known within the trial court's territorial jurisdiction.

- The notices of appeal were not timely.

- Appellants are no longer the officials for Waller County and therefore have no standing to appeal.

- Appellants entered into a settlement agreement and agreed judgment. They have waived the right to appeal.

## II. This Court lacks jurisdiction because no timely notice of appeal was filed.

Appellant Beckendorff's notice of appeal was not timely. A timely notice of appeal is a jurisdictional prerequisite to appeal. *See Brown Mech. Servs., Inc. v. Mountbatten Sur. Co., Inc.*, 377 S.W.3d 40, 42–43 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 35 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Absent a timely-filed motion for new trial (or other proper post-trial filing, *see* Tex. R. App. P. 26.1(a)), a notice of appeal is due 30 days after the judgment is signed. Tex. R. App. P. 26.1. A motion for extension of time may be filed within 15 days of the date the notice of appeal was due. *See* Tex. R. App. P. 26.3. However, the appellant must "compl[y] with Rule 10.5(b) by, *inter alia*, providing a reasonable explanation for the late filing." *Brown Mech.*, 377 S.W.3d at 42–43 (citing Tex. R. App. P. 26.3, 10.5(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997)). The failure to provide a reasonable explanation will result in dismissal. *See Walker v. Walker*, No. 01-11-00232-CV, 2013 WL 105302, at *2 (Tex. App.—Houston [1st Dist.] Jan. 3, 2013, no pet.) (mem. op.).

3

A reasonable explanation is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (quoting *Meshwert v. Meshwert,* 549 S.W.2d 383, 84 (Tex. 1977)). The court views the explanation liberally, and "[a]ny conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance ...." *Hone*, 104 S.W.3d at 886–87 (quoting *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989)).

In this case, the trial court signed the Judgment on 20 February 2015. Thirty days later, 22 March 2015, fell on a Sunday. Notice of appeal was therefore due on 23 March 2015. Beckendorff did not file his notice of appeal until 6 April 2015, the last day available to file a motion for extension of time. Beckendorff also filed a motion for extension of time to file his notice of appeal. The motion for extension of time, however, fails to provide a reasonable explanation. The motion is accompanied by two affidavits, Beckendroff's and his counsel's. Counsel's affidavit is silent concerning the reason for filing the notice of appeal late. In his affidavit, Beckendorff states that his attorney became aware of the 20 February Judgment on 11 March. At that time there were still 12 days to file a notice of appeal. No explanation is given for the failure to act within the 12 days. Because no reasonable explanation is given, despite actual notice of the judgment with 12 days left to file a

4

notice of appeal, Beckendorff's motion for extension of time fails to comply with Rules 10.5(b) and 26.3. Beckendorff's notice of appeal is, therefore untimely. This Court must dismiss for lack of jurisdiction.

Appellants Pokluda and Kitzman's notice of appeal is therefore also untimely. Pokluda and Kitzmann filed their notice of appeal on 15 April, well after the 23 March filing deadline, and also outside of the 15 day window for filing a motion for extension. However, under Rule 26.1(d), a party may file a notice of appeal outside of the normal time frame if it is filed "14 days after the first filed notice of appeal" so long as the first notice of appeal was timely. Tex. R. App. P. 26.1(d). Because Beckendorff's notice was not timely, Pokluda and Kitzman's notice is not either. Therefore, this Court must dismiss their appeals for lack of jurisdiction.

## III. Appellants lack standing because they are no longer the elected officials of Waller County.

A suit against a governmental official in his official capacity is another way of pleading a suit against the governmental entity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009) (citing *Brandon v. Holt*, 469 U.S. 464, 471–72, 105 S. Ct. 873 (1985) ("[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond."); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex.2007) ("It is fundamental that a suit against a state official is merely 'another way of pleading an action against the entity of which [the official]

is an agent.' ") (quoting *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S. Ct. 3099 (1985)).

> When a public officer is a party in an official capacity to an appeal or original proceeding, and if that person ceases to hold office before the appeal or original proceeding is finally disposed of, the public officer's successor is automatically substituted as a party if appropriate. Proceedings following substitution are to be in the name of the substituted party, but any misnomer that does not affect the substantial rights of the parties may be disregarded. Substitution may be ordered at any time, but failure to order substitution of the successor does not affect the substitution.

Tex. R. App. 7.2(a) ("Automatic Substitution of Officer"); *see Abbott v. G.G.E*, 03-11-00338-CV, 2015 WL 1968262, at \*1 n.1 (Tex. App.—Austin Apr. 30, 2015, no. pet. h.) (automatic substitution of successors to "former Governor, Commissioners of HHSC and DADS, and the former Directors of the Austin and Mexia SSLCs"); *City of Houston v. Strouse*, No. 14-10-00239-CV, 2011 WL 304185, at \*1 n.1 (Tex. App.—Houston [14th Dist.] Jan. 27, 2011, no pet.) (mem. op.) (automatic substitution of newly appointed chief of police in suit against former chief in his official capacity).

Because the individuals named as appellants are no longer the elected officials of Waller County, they have no standing to pursue this appeal. The current officials are the proper parties. This Court should dismiss or, alternatively, substitute the proper officials.

6

**IV. Appellants may not appeal a judgment to which they agreed and which they requested the trial court enter.**

"Generally, a party who files a motion for rendition of a judgment waives its right to complain about that judgment." *Exch., Inc. v. Long.*, 821 S.W.2d 265, 275 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (citing *Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 322 (Tex. 1984)). A party who moves for judgment and does not reserve the right to complain may not take a position on appeal inconsistent with that part of the judgment it requested. *See Hooks v. Samson Lone Star, Ltd. P'ship*, No. 12-0920, 2015 WL 393380, at *11 (Tex. Jan. 30, 2015) (citing *Diamond Shamrock Ref. Co. v. Hall,* 168 S.W.3d 164, 170 (Tex. 2005); *Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 321–22 (Tex. 1984)).

The lawyers representing Waller County and its elected officials in their official capacity signed an agreed judgment and joined in a motion for entry of that judgment. Exhibit B, Exhibit E. There was no indication that Waller County or its elected officials disagreed with the judgment or intended to appeal any portion of that judgment. *See* Exhibit B, Exhibit E. Appellants did not appear or object during the hearing on the motion for entry of judgment. Therefore, the elected officials of Waller County in their official capacity have waived the right to complain of the agreed judgment on appeal. *See Hooks*, 2015 WL 393380, at *11; *Long*, 821 S.W.2d at 275.

7

## PRAYER

The City of Hempstead respectfully requests this Court dismiss this appeal.

Respectfully submitted,

**OLSON & OLSON, L.L.P.**

By:   /s/ Eric C. Farrar
        Eric C. Farrar
        State Bar No. 24036549
        efarrar@olsonllp.com
        Wortham Tower, Suite 600
        2727 Allen Parkway
        Houston, Texas  77019
        Telephone:   (713) 533-3800
        Facsimile:    (713) 533-3888

**ATTORNEYS FOR APPELLEE**

# CERTIFICATE OF CONFERENCE

The undersigned conferred appellate counsel of record as follows:

David Carp, counsel for appellants – letter faxed and emailed on 15 May; email on 3 June. Counsel for appellants has not indicated whether appellants oppose this motion or not.

Brent Ryan, counsel for Pintail Laindfill, LLC – email on 3 June and phone call on 5 June. Counsel for Pintail has not indicated whether Pintail opposes this motion or not.

Elton Mathis, counsel for Waller County, county judge, in his official capacity, and county commissioners, in their official capacities, indicated that he agrees to the relief sought in this motion.

Blayre Pena, counsel for CALH, indicated that CALH agrees to the relief requested.

/s/ Eric C. Farrar
Eric C. Farrar

# CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2015 a true and correct copy of the foregoing Notice of Appearance of Appellate Counsel for Appellee was served via e-service:

David A. Carp
Herzog & Carp
427 Mason Park Boulevard
Katy, Texas 77450
Facsimile (713) 781-4797

**Attorney for Appellant**

Ms. Carol Chaney
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, Texas 77445
Facsimile (979) 826-6637
E-Mail:
carol.chaney@thechaneyfirm.net

**Attorneys for Citizens
Against the Landfill in Hempstead**

Mr. Brent W. Ryan
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Facsimile (512) 327-6566
E-Mail: bryan@msmtx.com

**Attorney for Pintail Landfill, LLC**

Ms. V. Blayre Pena
Hance Scarborough, LLP
400 W. 15th Street, Suite 950
Austin, Texas 78701
Facsimile (512) 482-6891
E-Mail: bpena@hslawmail.com

**Attorneys for Citizens
Against the Landfill in Hempstead**

Elton R. Mathis, Jr.
Waller County District Attorney
Ruhee G. Leonard
Assistant District Attorney
645 12th Street
Hempstead, Texas 77445
Facsimile: (979) 826-7722
E-Mail: e.mathis@wallercounty.us
**Attorney for Waller County,
Texas**

/s/ Eric C. Farrar
Eric C. Farrar

10

# UNSWORN DECLARATION OF ERIC C. FARRAR

My name is Eric Clayton. Farrar, my date of birth is 30 October 1970, and my address is 1304 W. Gray St., #527, Houston, Texas, 77019, United States of America. I declare under penalty of perjury that the following statements are true and correct.

1.     Exhibit A is a true and correct copy of a printout of Waller County's website.

2.     Exhibit B is a true and correct copy of the agreed judgment in this cause.

3.     Exhibit C is a true and correct copy of appellant Beckendorff's notice of appeal.

4.     Exhibit D is a true and correct copy of appellants Kitzman and Pokluda's notice of appeal.

5.     Exhibit E is a true and correct copy of the joint motion for entry of judgment filed with the trial court in this cause.

Executed in Harris County, State of Texas, on the 5th day of June, 2015.

/s/ Eric C. Farrar
Eric C. Farrar
Declarant

11

Home | Contact Us        Search

Waller County
Texas

Home

Financial Transparency

Public Information Request

Elected Officials Contact List

Public Notices, News & Forms

County Offices

District Court

Other County Offices

Employment Opportunities

Commissioner Court Videos/Archives

Minutes

Waller County Sub-Regional
Planning Commission

Landfill Related Information

Contribution & Expense Reports

Independent School District

Libraries

Museums

Geographical

History

Calendar

Justice of the Peace

Waller County Ordinances

Animal Control

Estray Livestock

Road and Bridge

Recycle Center

Veteran's Office

Section 3 Information

Elected Officials Contact List

# Waller County Elected Officials Contact list

| | | | |
|---|---|---|---|
| Commissioner Pct 1 | John A. Amsler | | O - 979-826-7700 |
| | P O Box 648 | | F -979-826-2112 |
| | Hempstead, Tx. 77445 | | |
| Commissioner Pct 2 | Russell Klecka | | O - 979-826-7700 |
| | 25442 Curtis Rd | | F -979-826-2112 |
| | Waller, Tx 77484 | | |
| Commissioner Pct 3 | Jeron Barnett | | O - 979-826-7700 |
| | P O Box 2846 | 12620 FM 1887 | F -979-826-2112 |
| | Prairie View, Tx. 77446 | Hempstead, TX 77445 | |
| Commissioner Pct 4 | Justin Beckendorff | | O - 281-375-5231 |
| | P O Box 7 | 3410 First St. | F- 281-375-7751 |
| | Pattison, Tx 77466 | Pattison, TX 77466 | |
| Constable, Pct. 1 | Bo Hashaw | | O - 979-826-3357 |
| | 846 6th St. Ste 1 | | |
| | Hempstead, Tx 77445 | | |
| Constable, Pct 2 | Glenn White | | O - 936-931-1914 |
| | 27390 Fieldstore Rd | | F - 936-372-9234 |
| | Waller, Tx 77484 | | |
| Constable, Pct 3 | Herschel Smith | | O - 979-826-7635 |
| | 12620 FM 1887 | | F -979-826-7639 |
| | Hempstead, Tx 77445 | | |
| Constable, Pct 4 | Joel Trimm | | O - 281-375-5233 |
| | P O Box 389 | 3410 First St. | |
| | Pattison, Tx 77466 | Pattison, TX 77466 | |
| County Clerk | Debbie Hollan | | O - 979-826-7711 |
| Room 217 -Main Ofc | 836 Austin St. Hempstead | | F - 979-826-7771 |
| Room 213 - Civil | Hempstead, TX 77445 | | |
| County Court at Law | June Jackson - Judge | | O - 979-826-7763 |
| Room 216 | 836 Austin St. | | F - 979-826-9119 |
| | Hempstead, TX 77445 | | |
| County Judge | Trey Duhon -Judge | | O - 979-826-7700 |
| Room 203 | 836 Austin St. | | F - 979-826-2112 |
| | Hempstead, TX 77445 | | |
| District Attorney | Elton Mathis-District Attorney | | O - 979-826-7718 |
| | 645 12th Street | | F - 979-826-7722 |
| | Hempstead, Tx 77445 | | |

**EXHIBIT A**

| | | |
|---|---|---|
| **District Clerk** | **Liz Pirkle, District Clerk** | **O - 979-826-7735** |
| Room 318 | 836 Austin St. | F - 979-826-7738 |
| | Hempstead, TX 77445 | |
| **506th District Judge** | **A M McCaig - Judge** | **O - 979-921-0921** |
| Room 307 | 836 Austin St. | F - 979-826-9149 |
| | Hempstead, TX 77445 | |
| **Justice of the Peace** | **Charles Karisch-Judge** | **O - 979-826-7745** |
| **Precinct 1** | 846 6th St. Ste 1 | F - 979-826-7748 |
| | Hempstead, Tx 77445 | |
| **Justice of the Peace** | **Delores Hargrave-Judge** | **O - 936-372-2193** |
| **Precinct 2** | 27388 Fieldstore Rd | F - 936-931-5206 |
| | Waller, Tx 77484 | |
| **Justice of the Peace** | **Marian Jackson-Judge** | **O - 979-826-7637** |
| **Precinct 3** | 12620 FM 1887 | F - 979-826-7639 |
| | Hempstead, Tx 77445 | |
| **Justice of the Peace** | **Ted Krenek - Judge** | **O - 281-375-5233** |
| **Precinct 4** | 3410 1st St / P O Box 7 (Mail)  3410 First St. | F - 281-375-7757 |
| | Pattison, Tx 77466  Pattison, TX 77466 | |
| **Treasurer** | **Joan Sargent** | **O - 979-826-7707** |
| Room 316 | 836 Austin St. | |
| | Hempstead, TX 77445 | F - 979-826-7709 |
| **Tax Assessor** | **Ellen Shelburne** | **979-826-7620** |
| | 730 9th St | |
| | Hempstead, Tx 77445 | Fax 979-826-7619 |
| **Sheriff** | **Glenn Smith** | **979-826-8282** |
| | 701 Calvit Street | |
| | Hempstead, Tx 77445 | Fax 979-826-7667 |

Duties & Responsibilities of County Officials

Provided by the County Information Resources Agency, Powered by ezTask™

Filed: 4/2/2015 10:57:27 AM
Liz Pirkle, District Clerk
Waller County, Texas
By: Janie Derrick, Deputy

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| and | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL | § | WALLER COUNTY, TEXAS |
| IN HEMPSTEAD | § | |
| v. | § | |
| WALLER COUNTY, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | 506ᵗʰ JUDICIAL DISTRICT |

## NOTICE OF APPEAL

Glenn Beckendorff, in his official capacity as Waller County Judge (Appellant), desires to appeal and hereby files this notice with the Court of Civil Appeals for the First or Fourteenth Judicial District of Texas, sitting at Houston, Texas from the Agreed Final Judgment signed in the above Cause on February 20, 2015, and Appellant desires to appeal from each and every part of said Agreed Final Judgment.

Dated: April 2, 2015

Respectfully submitted,

By: ___/s/ David A. Carp___
David A. Carp
TBN: 03836500
Herzog & Carp
427 Mason Park Boulevard
Katy, Texas 77450
713.781.7500   Phone
713.781.4797   Fax
dcarp@hcmlegal.com
**Attorneys for Appellant**

1


EXHIBIT C

# CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2015 a true and correct copy of the foregoing Notice of Appeal was delivered via e-service to the following:

James P. Allison
J. Eric Magee
Allison, Bass & Magee, LLP
A. O. Watson House
402 W. 12th Street
Austin, Texas 78701
**Attorneys for Waller County, Texas and**
**Waller County Commissioners Court**


Arthur L. Pertile III
Kelly Dempsey
Corey R. Ouslander
Olson & Olson, LLP
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
**Attorneys for City of Hempstead**


Terry L. Scarborough
Michael L. Woodward
V. Blayre Pena
Hance Scarborough, LLP
400 W 15th #950
Austin, Texas 78701

Carol A. Chaney
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, Texas 77445

**Attorneys for Citizens Against the Landfill**
**In Hempstead**

2

Brent W. Ryan
McElroy, Sullivan & Miller, LLP
P.O. Box 12127
Austin, Texas 78711

**Attorneys for Pintail Landfill, LLC**

/s/  David A. Carp
David A. Carp

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| and | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL | § | WALLER COUNTY, TEXAS |
| IN HEMPSTEAD | § | |
| | § | |
| v. | § | |
| | § | |
| WALLER COUNTY, TEXAS, ET. AL. | § | |
| Defendants. | § | 506TH JUDICIAL DISTRICT |

## AGREED FINAL JUDGMENT

Before the Court is the above-styled and numbered cause of action. On December 1, 2014, the case was called for trial. Plaintiff City of Hempstead ("Hempstead") appeared through its attorney of record and announced ready for trial. Plaintiff-Intervenor Citizens Against the Landfill in Hempstead ("CALH") appeared through its attorney of record and announced ready for trial. Defendants, Waller County, Texas including the elected officials of the Waller County Commissioners Court, in their official capacities (collectively "Waller County"), appeared in person and by their attorney of record and announced not ready for trial. Defendant, Pintail Landfill, LLC, ("Pintail") appeared in person and by its attorney of record and announced not ready for trial. After denying the Motions to Abate and Requests for Continuance, a jury, consisting of 12 qualified jurors having been previously demanded, was duly empanelled and the case proceeded to trial.

The Court, after examining the record and the evidence and argument of counsel, finds that venue is proper in Waller County, that the Court has jurisdiction over the subject matter and the parties in this case, and that the Court has jurisdiction to enter a judgment in this case.

At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The charge of the Court and the verdict of the jury are incorporated for all purposes by reference, and attached hereto as Exhibit 1. The Parties also entered into certain Stipulations of Fact, which are incorporated for all purposed by reference, and attached hereto as Exhibit 2.

Following the verdict of the jury of December 18, 2014, Hempstead, CALH, Pintail Landfill and Waller County filed a Joint Motion for Entry of Agreed Final Judgment. In said Motion, the parties represent that they have reached a settlement agreement concerning the jury verdict and the remaining legal and factual issues pending before the Court and have agreed to the entry of final judgment.

Accordingly, the Court renders the following Agreed Final Judgment:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Waller County Ordinance No. 2013-001 is void.

IT IS FURTHER ORDERED that the Host Agreement between Waller County, Texas, and Pintail Landfill, LLC is void.

IT IS FURTHER ORDERED that Plaintiff City of Hempstead have and recover from Waller County attorneys' fees in the amount of Two Hundred Forty-Five Thousand Dollars and no cents ($245,000).

IT IS FURTHER ORDERED that Plaintiff-Intervenor Citizens Against the Landfill in Hempstead have and recover from Waller County attorneys' fees in the amount of Three Hundred Twenty-Five Thousand Dollars and no cents ($325,000).

13-03-21872

IT IS FURTHER ORDERED that the total amount of the judgment rendered will bear interest at a rate of Five Percent (5%) per annum from the date of this judgment until paid in full.

Pursuant to the terms of the parties' settlement agreement giving rise to this Agreed Final Judgment, the parties do not present to this Court for adjudication, and this Court does not adjudicate, any issue concerning any claim, defense, or assertion, whether one or more, that has been or may in the future be raised in any forum, regarding the validity of Waller County Ordinance No. 2011-001 and/or its applicability to (a) Texas Commission on Environmental Quality MSW Registration No. 40259 (Pintail Landfill Transfer Station), (b) Texas Commission on Environmental Quality MSW Permit Application No. 2377 (Pintail Landfill), and/or (c) all or any part of the 410.37 acre facility site described in such Registration and Permit Application.

All costs of court spent or incurred in this cause are to be borne by the party incurring same. All writs and processes for the enforcement and collection of this judgment may issue as necessary.

All other relief requested in the live pleadings of any party that is not specifically granted is DENIED. This is a final judgment that disposes of all claims and parties.

SIGNED this ___ day of _____, 2015.

TERRY L. FLENNIKEN, JUDGE PRESIDING

**AGREED AS TO FORM AND SUBSTANCE:**

Art Pertile
Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
ATTORNEYS FOR CITY OF HEMPSTEAD

By: _____

V. Blayre Peña
bpena@hslawmail.com
Hance Scarborough
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Fascimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Fascimile: (979) 826-8989
ATTORNEYS FOR INTERVENORS/CITIZENS
AGAINST LANDFILL

By: _____

James P. Allison
J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
ATTORNEYS FOR WALLER COUNTY
DEFENDANTS

By: _____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
ATTORNEYS FOR PINTAIL LANDFILL, LLC

By: _____

Filed
AT 3:07 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY _____
DEPUTY

ORIGINAL

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas,<br>    Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| And | §<br>§ | |
| CITIZENS AGAINST THE LANDFILL IN<br>HEMPSTEAD,<br>    Plaintiff Intervenor | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | WALLER COUNTY, TEXAS |
| WALLER COUNTY, TEXAS, COUNTY<br>JUDGE BLENN BECKENDORFF,<br>COMMISSIONER FRANK POKLUDA,<br>COMMISSIONER STAN KITZMAN,<br>COMMISSIONER JERON BARNET,<br>COMMISSIONER JOHN AMSLER, and<br>PINTAIL LANDFILL, L.L.C.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 506th JUDICIAL DISTRICT |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason, without permission from the Court. When you enter the jury room to deliberate, you must surrender your phone and any other electronic device.

1



Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes, unless you choose to keep them. When you are released from jury duty, the bailiff will promptly destroy your notes, unless you have retained them, so that no one can read what you wrote.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

2

7.      Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision.  Answer each question carefully without considering who will win.  Do not discuss or consider the effect your answers will have.

8.      Do not answer questions by drawing straws or by any method of chance.

9.      Do not trade your answers.  For example, do not say, "I will answer this question your way if you answer another question my way."

10.      The answers to the questions must be based on the decision of at least 10 of the 12 jurors.  The same 10 jurors must agree on every answer.  Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, it will be juror misconduct, and I might have to order a new trial and start this process over again.  This would waste your time and the parties' money, and would require the taxpayers to pay for another trial.  If a juror breaks any of these rules, tell that person to stop, and if such juror fails to do so, report it to the Court.

3

## DEFINITIONS & INSTRUCTIONS

In answering the questions below, please follow these definitions and instructions.

1.     The term "Waller County" includes the Waller County Commissioners Court, Judge Glenn Beckendorff and Waller County Commissioners Frank Pokluda, Stan Kitzman, Jeron Barnett, and John Amsler.

2.     Waller County is a governmental body.

3.     All questions for the Jury relate to the time period on or before February 13, 2013.

4

## DEFINITIONS AND INSTRUCTIONS FOR QUESTION NUMBERS 1, 2, 3, AND 4

1.      A governmental body may consult with its attorney in executive session to discuss the legal issues raised in connection with a proposed contract or a proposed ordinance, but it may not discuss non-legal matters.

        a.      "Non-legal matters" include but are not limited to: (1) merits of enacting an ordinance; (2) merits of a proposed contract; (3) financial considerations of a proposed contract; or (4) matters of public policy; or (5) merits of an application.

        b.      Legal issues include advice given to Waller County regarding the legal ramifications of facts and information and the legality of a proposed contract or proposed ordinance.

2.      "Deliberation" means a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business.

3.      "Meeting" means:

        a.      A deliberation between a quorum of a governmental body or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action, or

        b.      A gathering:
            i.      That is conducted by the governmental body;
            ii.     At which a quorum of members of the governmental body is present;
            iii.    That has been called by the governmental body, and;
            iv.     At which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.

4.      "Closed Meeting" means a meeting to which the public does not have access.

5.      "Quorum" means a majority of a governmental body.

6.      A "walking quorum" occurs when members of a governmental body gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly, and intentionally, discuss a public matter with a quorum of that body at a place other than a posted meeting.

## QUESTION NUMBER 1

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to Ordinance 2013-001 in a closed meeting?

Answer: __Yes__ ("Yes" or "No")

6

## QUESTION NUMBER 2

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to the Host Agreement in a closed meeting?

Answer: _____Yes_____ ("Yes" or "No")

7

## QUESTION NUMBER 3

Do you find that at least three (3) members of the Waller County Commissioners Court engaged in a walking quorum related to the following items below?

(a) Host Agreement     **Answer:** _Yes_ ("Yes" or "No")

(b) Ordinance 2013-001     **Answer:** _Yes_ ("Yes" or "No")

8

## QUESTION NUMBER 4

"Negotiate" means to try to reach an agreement or compromise by discussion with others.

Do you find that one or more members of the Waller County Commissioners Court acted as a committee, authorized by at least three (3) members of the Commissioners Court, to negotiate the terms of the following items before presentation to the Waller County Commissioners Court for a vote?

Answer "Yes" or "No" for each of the following.

(a)    Host Agreement        **Answer:** __Yes__ ("Yes" or "No")

(b)    Ordinance 2013-001    **Answer:** __Yes__ ("Yes" or "No")

9

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 5, otherwise, do not answer Question Number 5.

## QUESTION NUMBER 5

Do you find that there were any committee meetings held that were not open to the public relating to the following?

(a)    Host Agreement            Answer: _Yes_____ ("Yes" or "No")

(b)    Ordinance 2013-001        Answer: _Yes_____ ("Yes" or "No")

10

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 6, otherwise, do not answer Question Number 6 and proceed to Question Number 7.

## INSTRUCTION FOR QUESTION NUMBER 6

A "rubber stamp" occurs when a committee's recommendations are approved without meaningful discussion.

## QUESTION NUMBER 6

Do you find that the Commissioners' vote at the February 13, 2013 open meeting was a rubber stamp of the following items?

(a)  Host Agreement          Answer: __Yes__ ("Yes" or "No")

(b)  Ordinance 2013-001       Answer: __Yes__ ("Yes" or "No")

11

# INSTRUCTION FOR QUESTION NUMBERS 7 THROUGH 9

Public information means information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business. Public Information includes all documents, regardless of physical form or characteristics, created or received by Waller County in the transaction of public business. Public information includes, but is not limited to, e-mails, text messages, and other electronic recordings.

Waller County is required to preserve and manage its Public Information in accordance with applicable rules and laws governing the destruction and other disposition of state and local government records or Public Information.

Each Waller County Commissioner and the Waller County Judge is the officer for public information and the custodian of the information created or received by that county commissioners' office. Waller County or the elected county officer for information of that elective county office may determine a time for which information that is not currently in use will be preserved, subject to any applicable rule or law governing the destruction and other disposition of state and local government records or public information.

As an officer for public information, each Waller County Commissioner or County Judge is responsible for the release of public information. Each is required to: (1) make public information available for public inspection and copying; (2) carefully protect public information from deterioration, alteration, mutilation, loss, or unlawful removal; and (3) repair, renovate, or rebind public information as necessary to maintain it properly.

Each officer for public information is required to prominently display a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information. The officer shall display the sign at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body whose duties include receiving or responding to requests under this chapter.

As officers for public information, Waller County Commissioners and the Waller County Judge must promptly produce public information for inspection, duplication, or both upon request by any person for public information. "Promptly" means as soon as possible under the circumstances, that is, within a reasonable time, without delay. If an officer for public information cannot produce public information for inspection or duplication within 10 business days after the date the information is requested, the officer must certify that fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available for inspection or duplication.

12

## QUESTION NUMBER 7

Do you find that County Judge Glenn Beckendorff failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: _Yes_____ ("Yes" or "No")

13

## QUESTION NUMBER 8

Do you find that Waller County Precinct Two Commissioner Frank Pokluda failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

14

## QUESTION NUMBER 9

Do you find that Waller County Precinct Four Commissioner Stan Kitzman failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

15

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

If you have a question, you must submit such question in writing to the Court. The Presiding Juror must write out the question, sign same and hand the note to the Bailiff, who will present it to the Court. Do not discuss the question with the Bailiff.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____
Terry L. Flenniken
JUDGE PRESIDING

Filed 934
12.18.14
TLF, Judge Presiding

16

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

*verdict thj*

(To be signed by the presiding juror if the jury is unanimous.)

_____

PRESIDING JUROR

_____

Printed Name of Presiding Juror

*verdict thj*

(To be signed by those rendering the verdict if the jury is not unanimous.)

| Jurors' Signatures | Jurors' Printed Names |
|---|---|
| | Charles D. Steinmetz |
| | Michael A. Lannon |
| | Joyce Bean |
| | Randy Theiry |
| | Joyce Callaway |
| | Lilliana Salinas |
| | Scott McKenzie III |
| | Robert L. Derrick |
| | Juan Avilas |
| | Nancy Willers |
| | Trisha Smith |

17

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas, Plaintiff | § § § | IN THE DISTRICT COURT OF |
| And | § § | |
| CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD, Plaintiff Intervenor | § § § § | |
| v. | § § | WALLER COUNTY, TEXAS |
| WALLER COUNTY, TEXAS, COUNTY JUDGE BLENN BECKENDORFF, COMMISSIONER FRANK POKLUDA, COMMISSIONER STAN KITZMAN, COMMISSIONER JERON BARNET, COMMISSIONER JOHN AMSLER, and PINTAIL LANDFILL, L.L.C. Defendants. | § § § § § § § § § § | 506th JUDICIAL DISTRICT |

## AGREED STIPULATIONS OF FACT

COMES NOW Plaintiff City of Hempstead, Plaintiff Intervenor Citizens Against

the Landfill in Hempstead, and Defendants Waller County, Texas, County Judge Glenn

Beckendorff, Commissioner Frank Pokluda, Commissioner Stan Kitzman, Commissioner

Jeron Barnett, Commissioner John Amsler, and Pintail Landfill, LLC and presents these

Agreed Stipulations of Fact to the Court. The Parties agree that the existence of such

stipulations shall not be published to the Jury or mentioned in argument before the jury.

I.    Agreed Stipulations of Fact Regarding Contract Exception to Open Meetings Act, Texas Government Code § 551.0725.

Waller County Commissioners Court did not invoke Texas Government Code

§ 551.0725 (relating to Deliberation Regarding Contract Being Negotiated) to enter

executive session or closed meeting on February 13, 2013, January 2, 2013, or December

*Received and filed 12-17-14 5-43 p*

*Terry Flenniken Judge Presiding*

AGREED STIPULATIONS OF FACT                                                                 Page 1 of 3

EXHIBIT

2

19, 2012. The Waller County agenda notices and minutes for these meetings do not claim Texas Government Code § 551.0725 as authority for entering executive session.

Further, Waller County Commissioners Court did not meet any of the requirements to deliberate business or financial issues relating to a contract being negotiated, which are enumerated in Texas Government Code § 551.0725. Specifically, (1) the Waller County Commissioners Court did not vote unanimously that deliberation would have a detrimental effect on the position of the Commissioners Court in negotiating with a third person before conducting the closed meeting; (2) the attorney advising the Waller County Commissioners Court did not issue a written determination that deliberation in an open meeting would have a detrimental effect on the position of the Commissioners Court in negotiating with a third person before conducting the closed meeting; and (3) the Waller County Commissioners Court did not make a tape recording of the closed meeting.

II.     Agreed Stipulation of Fact Regarding Extraterritorial Jurisdiction of City of Hempstead.

The Ordinance 2013-001 authorizes and allows disposal of solid waste within certain areas of the City of Hempstead's extraterritorial jurisdiction ("ETJ"). Those certain areas consist of the areas described in Exhibit A of Ordinance 2013-001 that are within one mile of the city limits of the City of Hempstead.

III.    Agreed Stipulation of Fact that the Host Agreement is a Contract.

The Host Agreement is a contract.

Agreed:

Kelly Dempsey
Kdempsey@olsonllp.com
Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
ATTORNEYS FOR CITY OF HEMPSTEAD

By: _____

V. Blayre Peña
bpena@hslawmail.com
Wesley P. McGuffey
wmcguffey@hslawmail.com
Hance Scarborough, LLP
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Facsimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Facsimile: (979) 826-8989
ATTORNEYS FOR
INTERVENORS/CITIZENS AGAINST
LANDFILL

By: _____

J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
ATTORNEYS FOR WALLER COUNTY
DEFENDANTS

By: _____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
ATTORNEYS FOR PINTAIL LANDFILL, LLC

By: _____

CLERK'S NOTICE OF APPEAL
TRIAL COURT # 13-03-21872
COURT OF APPEALS # 14-15-00322-CV
IN THE 506TH DISTRICT COURT
WALLER COUNTY, TX
ASSIGNED TO FOURTEENTH COURT OF APPEALS

| | | |
|---|---|---|
| **CITY OF HEMPSTEAD, TEXAS** | § | **IN THE DISTRICT COURT** |
| **AND** | | |
| **CITIZENS AGAINST THE** | § | |
| **LANDFILL IN HEMPSTEAD** | | |
| | § | **WALLER COUNTY** |
| **VS.** | | |
| | § | |
| **WALLER COUNTY, TEXAS** | | |
| **ET AL** | § | **506TH JUDICIAL DISTRICT** |

<u>*Note:*</u> *Original Notice of Appeal was sent on
4/6/15 for Appellant Glenn Beckendorff in his Official
Capacity as Waller County Judge and the
following Appellants are being added:*

| | |
|---|---|
| Appellants | Frank Pokluda, in his Official Capacity as Waller County Precinct Two Commissioner |
| | Stan Kitzman, in his Official Capacity As Waller County Precinct Four Commissioner |
| Appellants' Attorney | David A. Carp, State Bar No. 03836500 427 Mason Park Boulevard Katy, TX 77450 Phone: 713-781-7500 Fax: 713-781-4797 |
| Court | 506th Judicial District |
| Judge | Hon. Terry Flenniken |
| Appellee | City of Hempstead, Texas |
| Appellee's Attorneys | Arthur L. Pertile, III Kelly Dempsey Corey R. Ouslander Wortham Tower, Suite 600 2727 Allen Parkway Houston, Texas 77019 |

| | |
|---|---|
| Appellee | Citizens Against the Landfill in Hempstead |
| Appellee's Attorneys | Terry L. Scarborough<br>Michael L. Woodward<br>V. Blayre Pena<br>400 W 15th #950<br>Austin, Texas 78701 |
| | Carol A. Chaney<br>820 13th Street<br>PO Box 966<br>Hempstead, Texas, 77445 |
| Court Reporter | Robyn Wiley<br>979-921-0921<br>reporter@court506.com |
| | Marsha L. Burrus<br>936-372-5182<br>shaburrus@sbcglobal.net |
| | Maggie Raiford<br>979-716-7122<br>maggie_raiford@yahoo.com |
| | Kaetheryne Kyriell<br>936-443-3312<br>kkyriell@gmail.com |
| Judgment | February 20,2015 |
| Notice Appeal | April 15, 2015 |
| Assigned | 14th Court of Appeals |

## Liz Pirkle

LIZ PIRKLE, DISTRICT CLERK OF WALLER COUNTY

By: _____
Janie Derrick, Civil Deputy

cc: Hon. Albert M. McCaig
David A. Carp, dcarp@hcmlegal.com
James P. Allison, j.allison@allison-bass.com
J. Eric Magee, e.magee@allison-bass.com
Corey R. Ouslander, couslander@olsonllp.com
V. Blayre Pena, bpena@hslawmail.com
Carol A. Chaney, carol.chaney@thechaneyfirm.net
Brent W. Ryan, bryan@msmtx.com
Robyn Wiley, reporter@court506.com
Marsha L. Burrus, shaburrus@sbcglobal.net
Maggie Raiford, maggie_raiford@yahoo.com
Kaetheryne Kyriell, kkyriell@gmail.com
Elton R. Mathis, e.mathis@wallercounty.us
Ruhee G. Leonard, r.leonard@wallercounty.us

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| and | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL | § | WALLER COUNTY, TEXAS |
| IN HEMPSTEAD | § | |
| v. | § | |
| WALLER COUNTY, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | 506th JUDICIAL DISTRICT |

## NOTICE OF APPEAL

Frank Pokluda, in his official capacity as Waller County Precinct Two Commissioner, and Stan Kitzman, in his official capacity as Waller County Precinct Four Commissioner (Appellants), desire to appeal and hereby file this notice with the Court of Civil Appeals for the First or Fourteenth Judicial District of Texas, sitting at Houston, Texas from the Agreed Final Judgment signed in the above Cause on February 20, 2015, and Appellants desire to appeal from each and every part of said Agreed Final Judgment.

Pursuant to TRAP 26.1(d) Appellants desire to join in the related Notice of Appeal filed on April 2, 2015 by Glenn Beckendorff, in his Official Capacity as Waller County Judge, and are hereby filing this their Notice of Appeal within fourteen (14) days of Mr. Beckendorff's appeal. Mr. Beckendorff's appeal is assigned to the Fourteenth Court of Appeals under Court of Appeals #14-15-00322-CV, and styled

1

Glenn Beckendorff, in his Official Capacity as Waller County Judge, v. City of Hempstead, Texas and Citizens Against the Landfill in Hempstead.

Dated: April 15, 2015

Respectfully submitted,

By: ___/s/ David A. Carp___
    David A. Carp
    TBN: 03836500
    Herzog & Carp
    427 Mason Park Boulevard
    Katy, Texas 77450
    713.781.7500   Phone
    713.781.4797   Fax
    dcarp@hcmlegal.com
    **Attorneys for Appellant**

2

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2015 a true and correct copy of the foregoing Notice of Appeal of Frank Pokluda, in his Official Capacity as Waller County Precinct Two Commissioner, and Stan Kitzman, in his Official Capacity as Waller County Precinct Four Commissioner, was delivered via e-service to the following:

James P. Allison
J. Eric Magee
Allison, Bass & Magee, LLP
A. O. Watson House
402 W. 12th Street
Austin, Texas 78701
**Attorneys for Waller County, Texas
and Waller County Commissioners Court**

Brent W. Ryan, Esq.
McElroy, Sullivan & Miller, LLP
P.O. Box 12127
Austin, TX 78711

**Attorneys for Pintail Landfill, LLC**

Eric Farrar, Esq.
Olson & Olson, LLP
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
**Attorneys for City of Hempstead**

Terry L. Scarborough
Michael L. Woodward
V. Blayre Pena
Hance Scarborough, LLP
400 W 15th #950
Austin, Texas 78701

Carol A. Chaney
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, Texas 77445
**Attorneys for Citizens Against the Landfill
in Hempstead**

/s/ David A. Carp
David A. Carp

3

Print this page

# Case # 13-03-21872 - CITY OF HEMPSTEAD, TEXASv.WALLER COUNTY, TEXAS, COUNTY JUDGE GLENN BECKENDORFF, COMMISSIONER FRANK POKLUDA, COMMISSIONER STAN KITZMAN, COMMISSIONER JERON BARNETT, COMMISSIONER JOHN AMSLER, and PINTAIL LANDFILL, L.L.C. (Flenniken, Terry)

## Case Information

| | |
|---|---|
| Location | Waller County - 506th District Court |
| Date Filed | 04/15/2015 04:15:34 PM |
| Case Number | 13-03-21872 |
| Case Description | CITY OF HEMPSTEAD, TEXASv.WALLER COUNTY, TEXAS, COUNTY JUDGE GLENN BECKENDORFF, COMMISSIONER FRANK POKLUDA, COMMISSIONER STAN KITZMAN, COMMISSIONER JERON BARNETT, COMMISSIONER JOHN AMSLER, and PINTAIL LANDFILL, L.L.C. |
| Assigned to Judge | Flenniken, Terry |
| Attorney | David Carp |
| Firm Name | Herzog & Carp |
| Filed By | David Carp |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.09 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Grand Total | $3.34 |

## Payment

| | |
|---|---|
| Account Name | Herzog & Carp |
| Transaction Amount | $3.34 |
| Transaction Response | Approved |
| Transaction ID | 8065630 |
| Order # | 004905173-0 |

## Notice of Appeal

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Notice of Appeal |
| Filing Description | Notice of Appeal |
| Reference Number | Beckendorff Appeal |
| Comments | Messrs. Pokluda and Kitzman are joining in the Notice of Appeal filed by Glenn Beckendorff on April 2, 2015. |
| Status | Accepted |
| Accepted Date | 2015-04-16 13:05:39 UTC |

**Fees**

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

**Documents**

| | | |
|---|---|---|
| *Lead Document* | Notice of Appeal Pokluda-Kitzman.pdf | [Original]  [Transmitted] |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Brent W Ryan<br>bryan@msmtx.com | McElroy, Sullivan, Miller, Weber & Olmstead, LLP | EServe | Sent | Yes | Not Opened |
| Corey Ouslander<br>couslander@olsonolson.com | Olson & Olson, LLP | EServe | Sent | Yes | Not Opened |
| Kelly Dempsey<br>kdempsey@olsonllp.com | Olson & Olson, LLP | EServe | Sent | Yes | Not Opened |
| Ann Jacobs<br>ajacobs@hcmlegal.com | Herzog & Carp | EServe | Sent | Yes | 04/16/2015 08:04:36 AM |
| Arthur L Pertile III<br>apertile@olsonllp.com | Allison Bass & Associates LLP | EServe | Sent | Yes | 04/15/2015 04:47:51 PM |
| V Blayre Pena<br>bpena@hslawmail.com | Allison Bass & Associates LLP | EServe | Sent | Yes | Not Opened |
| Carol A Chaney<br>carol.chaney@thechaneyfirm.net | Allison Bass & Associates LLP | EServe | Sent | Yes | 04/15/2015 06:31:28 PM |
| James Allison<br>j.allison@allison-bass.com | Olson & Olson, LLP | EServe | Sent | Yes | Not Opened |
| Eric Magee<br>e.magee@allison-bass.com | Olson & Olson, LLP | EServe | Sent | Yes | Not Opened |

Cause No. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| and | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL | § | WALLER COUNTY, TEXAS |
| IN HEMPSTEAD | § | |
| | § | |
| v. | § | |
| | § | |
| WALLER COUNTY, TEXAS, ET. AL. | § | |
| Defendants. | § | 506TH JUDICIAL DISTRICT |

## AGREED FINAL JUDGMENT

Before the Court is the above-styled and numbered cause of action. On December 1, 2014, the case was called for trial. Plaintiff City of Hempstead ("Hempstead") appeared through its attorney of record and announced ready for trial. Plaintiff-Intervenor Citizens Against the Landfill in Hempstead ("CALH") appeared through its attorney of record and announced ready for trial. Defendants, Waller County, Texas including the elected officials of the Waller County Commissioners Court, in their official capacities (collectively "Waller County"), appeared in person and by their attorney of record and announced not ready for trial. Defendant, Pintail Landfill, LLC, ("Pintail") appeared in person and by its attorney of record and announced not ready for trial. After denying the Motions to Abate and Requests for Continuance, a jury, consisting of 12 qualified jurors having been previously demanded, was duly empanelled and the case proceeded to trial.

WALLER COUNTY
CIVIL MINUTES

The Court, after examining the record and the evidence and argument of counsel, finds that venue is proper in Waller County, that the Court has jurisdiction over the subject matter and the parties in this case, and that the Court has jurisdiction to enter a judgment in this case.

At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The charge of the Court and the verdict of the jury are incorporated for all purposes by reference, and attached hereto as Exhibit 1. The Parties also entered into certain Stipulations of Fact, which are incorporated for all purposed by reference, and attached hereto as Exhibit 2.

Following the verdict of the jury of December 18, 2014, Hempstead, CALH, Pintail Landfill and Waller County filed a Joint Motion for Entry of Agreed Final Judgment. In said Motion, the parties represent that they have reached a settlement agreement concerning the jury verdict and the remaining legal and factual issues pending before the Court and have agreed to the entry of final judgment.

Accordingly, the Court renders the following Agreed Final Judgment:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Waller County Ordinance No. 2013-001 is void.

IT IS FURTHER ORDERED that the Host Agreement between Waller County, Texas, and Pintail Landfill, LLC is void.

IT IS FURTHER ORDERED that Plaintiff City of Hempstead have and recover from Waller County attorneys' fees in the amount of Two Hundred Forty-Five Thousand Dollars and no cents ($245,000).

IT IS FURTHER ORDERED that Plaintiff-Intervenor Citizens Against the Landfill in Hempstead have and recover from Waller County attorneys' fees in the amount of Three Hundred Twenty-Five Thousand Dollars and no cents ($325,000).

WALLER COUNTY
CIVIL MINUTES

---

Agreed Final Judgment

Page 2

13-03-21872

IT IS FURTHER ORDERED that the total amount of the judgment rendered will bear interest at a rate of Five Percent (5%) per annum from the date of this judgment until paid in full.

Pursuant to the terms of the parties' settlement agreement giving rise to this Agreed Final Judgment, the parties do not present to this Court for adjudication, and this Court does not adjudicate, any issue concerning any claim, defense, or assertion, whether one or more, that has been or may in the future be raised in any forum, regarding the validity of Waller County Ordinance No. 2011-001 and/or its applicability to (a) Texas Commission on Environmental Quality MSW Registration No. 40259 (Pintail Landfill Transfer Station), (b) Texas Commission on Environmental Quality MSW Permit Application No. 2377 (Pintail Landfill), and/or (c) all or any part of the 410.37 acre facility site described in such Registration and Permit Application.

All costs of court spent or incurred in this cause are to be borne by the party incurring same. All writs and processes for the enforcement and collection of this judgment may issue as necessary.

All other relief requested in the live pleadings of any party that is not specifically granted is DENIED. This is a final judgment that disposes of all claims and parties.

SIGNED this _____ day of _____, 2015.

_____
TERRY L. FLENNIKEN, JUDGE PRESIDING

2015 FEB 20 AM 10: 24

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
BY _____ DEPUTY

WALLER COUNTY
CIVIL MINUTES

**AGREED AS TO FORM AND SUBSTANCE:**

Art Pertile

Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
ATTORNEYS FOR CITY OF HEMPSTEAD

By: _____

V. Blayre Peña
bpena@hslawmail.com
Hance Scarborough
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Fascimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Fascimile: (979) 826-8989
ATTORNEYS FOR INTERVENORS/CITIZENS
AGAINST LANDFILL

By: _____

James P. Allison
J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
ATTORNEYS FOR WALLER COUNTY
DEFENDANTS

By: _____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
ATTORNEYS FOR PINTAIL LANDFILL, LLC

By: _____

WALLER COUNTY
CIVIL MINUTES

Agreed Final Judgment                                                      Page 4

Filed
AT 3:07 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY _____
DEPUTY

ORIGINAL

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas,<br>    Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| And | §<br>§ | |
| CITIZENS AGAINST THE LANDFILL IN<br>HEMPSTEAD,<br>    Plaintiff Intervenor | §<br>§<br>§<br>§ | |
| v. | §<br>§ | WALLER COUNTY, TEXAS |
| WALLER COUNTY, TEXAS, COUNTY<br>JUDGE BLENN BECKENDORFF,<br>COMMISSIONER FRANK POKLUDA,<br>COMMISSIONER STAN KITZMAN,<br>COMMISSIONER JERON BARNET,<br>COMMISSIONER JOHN AMSLER, and<br>PINTAIL LANDFILL, L.L.C.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 506ᵗʰ JUDICIAL DISTRICT |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason, without permission from the Court. When you enter the jury room to deliberate, you must surrender your phone and any other electronic device.

WALLER COUNTY
CIVIL MINUTES
1

VOL 200 PG 0142



EXHIBIT

_____1_____

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes, unless you choose to keep them. When you are released from jury duty, the bailiff will promptly destroy your notes, unless you have retained them, so that no one can read what you wrote.

Here are the instructions for answering the questions.

1.    Do not let bias, prejudice or sympathy play any part in your decision.

2.    .Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.    You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.    If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.    All the questions and answers are important. No one should say that any question or answer is not important.

6.    Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

WALLER COUNTY
CIVIL MINUTES



7.    Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.    Do not answer questions by drawing straws or by any method of chance.

9.    Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

10.    The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, it will be juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers to pay for another trial. If a juror breaks any of these rules, tell that person to stop, and if such juror fails to do so, report it to the Court.

## DEFINITIONS & INSTRUCTIONS

In answering the questions below, please follow these definitions and instructions.

1.     The term "Waller County" includes the Waller County Commissioners Court, Judge Glenn Beckendorff and Waller County Commissioners Frank Pokluda, Stan Kitzman, Jeron Barnett, and John Amsler.

2.     Waller County is a governmental body.

3.     All questions for the Jury relate to the time period on or before February 13, 2013.

WALLER COUNTY
CIVIL MINUTES



## DEFINITIONS AND INSTRUCTIONS FOR QUESTION NUMBERS 1, 2, 3, AND 4

1.    A governmental body may consult with its attorney in executive session to discuss the legal issues raised in connection with a proposed contract or a proposed ordinance, but it may not discuss non-legal matters.

        a.    "Non-legal matters" include but are not limited to: (1) merits of enacting an ordinance; (2) merits of a proposed contract; (3) financial considerations of a proposed contract; or (4) matters of public policy; or (5) merits of an application.

        b.    Legal issues include advice given to Waller County regarding the legal ramifications of facts and information and the legality of a proposed contract or proposed ordinance.

2.    "Deliberation" means a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business.

3.    "Meeting" means:

        a.    A deliberation between a quorum of a governmental body or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action, or

        b.    A gathering:
            i.    That is conducted by the governmental body;
            ii.    At which a quorum of members of the governmental body is present;
            iii.    That has been called by the governmental body, and;
            iv.    At which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.

4.    "Closed Meeting" means a meeting to which the public does not have access.

5.    "Quorum" means a majority of a governmental body.

6.    A "walking quorum" occurs when members of a governmental body gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly, and intentionally, discuss a public matter with a quorum of that body at a place other than a posted meeting.

WALLER COUNTY
CIVIL MINUTES

5

## QUESTION NUMBER 1

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to Ordinance 2013-001 in a closed meeting?

Answer: _____Yes_____ ("Yes" or "No")

## QUESTION NUMBER 2

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to the Host Agreement in a closed meeting?

Answer: _____Yes_____ ("Yes" or "No")

## QUESTION NUMBER 3

Do you find that at least three (3) members of the Waller County Commissioners Court engaged in a walking quorum related to the following items below?

(a)    Host Agreement         Answer: __Yes__ ("Yes" or "No")

(b)    Ordinance 2013-001      Answer: __Yes__ ("Yes" or "No")

8

## QUESTION NUMBER 4

"Negotiate" means to try to reach an agreement or compromise by discussion with others.

Do you find that one or more members of the Waller County Commissioners Court acted as a committee, authorized by at least three (3) members of the Commissioners Court, to negotiate the terms of the following items before presentation to the Waller County Commissioners Court for a vote?

Answer "Yes" or "No" for each of the following.

(a)     Host Agreement          Answer: ___Yes___ ("Yes" or "No")

(b)     Ordinance 2013-001      Answer: ___Yes___ ("Yes" or "No")

9

WALLER COUNTY
CIVIL MINUTES

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 5, otherwise, do not answer Question Number 5.

## QUESTION NUMBER 5

Do you find that there were any committee meetings held that were not open to the public relating to the following?

(a)    Host Agreement        Answer: __Yes__ ("Yes" or "No")

(b)    Ordinance 2013-001    Answer: __yes__ ("Yes" or "No")

10

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 6, otherwise, do not answer Question Number 6 and proceed to Question Number 7.

## INSTRUCTION FOR QUESTION NUMBER 6

A "rubber stamp" occurs when a committee's recommendations are approved without meaningful discussion.

## QUESTION NUMBER 6

Do you find that the Commissioners' vote at the February 13, 2013 open meeting was a rubber stamp of the following items?

(a)    Host Agreement           Answer: _Yes_ ("Yes" or "No")

(b)    Ordinance 2013-001      Answer: _Yes_ ("Yes" or "No")

WALLER COUNTY
CIVIL MINUTES

## INSTRUCTION FOR QUESTION NUMBERS 7 THROUGH 9

Public information means information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business. Public Information includes all documents, regardless of physical form or characteristics, created or received by Waller County in the transaction of public business. Public information includes, but is not limited to, e-mails, text messages, and other electronic recordings.

Waller County is required to preserve and manage its Public Information in accordance with applicable rules and laws governing the destruction and other disposition of state and local government records or Public Information.

Each Waller County Commissioner and the Waller County Judge is the officer for public information and the custodian of the information created or received by that county commissioners' office. Waller County or the elected county officer for information of that elective county office may determine a time for which information that is not currently in use will be preserved, subject to any applicable rule or law governing the destruction and other disposition of state and local government records or public information.

As an officer for public information, each Waller County Commissioner or County Judge is responsible for the release of public information. Each is required to: (1) make public information available for public inspection and copying; (2) carefully protect public information from deterioration, alteration, mutilation, loss, or unlawful removal; and (3) repair, renovate, or rebind public information as necessary to maintain it properly.

Each officer for public information is required to prominently display a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information. The officer shall display the sign at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body whose duties include receiving or responding to requests under this chapter.

As officers for public information, Waller County Commissioners and the Waller County Judge must promptly produce public information for inspection, duplication, or both upon request by any person for public information. "Promptly" means as soon as possible under the circumstances, that is, within a reasonable time, without delay. If an officer for public information cannot produce public information for inspection or duplication within 10 business days after the date the information is requested, the officer must certify that fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available for inspection or duplication.



## QUESTION NUMBER 7

Do you find that County Judge Glenn Beckendorff failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

WALLER COUNTY
CIVIL MINUTES

VOL 2 0 0 PG 0 1 5 4

## QUESTION NUMBER 8

Do you find that Waller County Precinct Two Commissioner Frank Pokluda failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: _Yes_____ ("Yes" or "No")

14

## QUESTION NUMBER 9

Do you find that Waller County Precinct Four Commissioner Stan Kitzman failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

15

WALLER COUNTY
CIVIL MINUTES

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1.  to preside during your deliberations,

2.  to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3.  to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4.  to vote on the questions,

5.  to write your answers to the questions in the spaces provided, and

6.  to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

If you have a question, you must submit such question in writing to the Court. The Presiding Juror must write out the question, sign same and hand the note to the Bailiff, who will present it to the Court. Do not discuss the question with the Bailiff.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

Terry L. Flenniken
JUDGE PRESIDING

*Filed 93¾*
*12.18.14*
WALLER COUNTY Judge Presiding
CIVIL MINUTES

16

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict. *verdict TMJ*

(To be signed by the presiding juror if the jury is unanimous.)

---

PRESIDING JUROR

---

Printed Name of Presiding Juror *verdict TMJ*

(To be signed by those rendering the verdict if the jury is not unanimous.)

| Jurors' Signatures | Jurors' Printed Names |
|---|---|
|  | Charles D. Steinmetz |
|  | MICHAEL A. LANNON |
|  | Joyce Bean |
|  | Randy Theis |
|  | Joyce Callaway |
|  | Lilliana Salinas |
|  | Scott McKenzie III |
|  | Robert L. Derrick |
|  | Juan Aguilas |
|  | Nancy Willers |
|  | Trisha Smith |

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| And | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL IN | § | |
| HEMPSTEAD, | § | |
| Plaintiff Intervenor | § | |
| | § | |
| v. | § | WALLER COUNTY, TEXAS |
| | § | |
| WALLER COUNTY, TEXAS, COUNTY | § | |
| JUDGE BLENN BECKENDORFF, | § | |
| COMMISSIONER FRANK POKLUDA, | § | |
| COMMISSIONER STAN KITZMAN, | § | |
| COMMISSIONER JERON BARNET, | § | |
| COMMISSIONER JOHN AMSLER, and | § | 506ᵗʰ JUDICIAL DISTRICT |
| PINTAIL LANDFILL, L.L.C. | § | |
| Defendants. | § | |

## AGREED STIPULATIONS OF FACT

COMES NOW Plaintiff City of Hempstead, Plaintiff Intervenor Citizens Against

the Landfill in Hempstead, and Defendants Waller County, Texas, County Judge Glenn

Beckendorff, Commissioner Frank Pokluda, Commissioner Stan Kitzman, Commissioner

Jeron Barnett, Commissioner John Amsler, and Pintail Landfill, LLC and presents these

Agreed Stipulations of Fact to the Court. The Parties agree that the existence of such

stipulations shall not be published to the Jury or mentioned in argument before the jury.

I.    **Agreed Stipulations of Fact Regarding Contract Exception to Open Meetings Act, Texas Government Code § 551.0725.**

Waller County Commissioners Court did not invoke Texas Government Code

§ 551.0725 (relating to Deliberation Regarding Contract Being Negotiated) to enter

executive session or closed meeting on February 13, 2013, January 2, 2013, or December

*Received and filed 12.17.14
5:43
p*

*Terry Flenniken
Judge Presiding*

Page 1 of 3

EXHIBIT
2

19, 2012. The Waller County agenda notices and minutes for these meetings do not claim Texas Government Code § 551.0725 as authority for entering executive session.

Further, Waller County Commissioners Court did not meet any of the requirements to deliberate business or financial issues relating to a contract being negotiated, which are enumerated in Texas Government Code § 551.0725. Specifically, (1) the Waller County Commissioners Court did not vote unanimously that deliberation would have a detrimental effect on the position of the Commissioners Court in negotiating with a third person before conducting the closed meeting; (2) the attorney advising the Waller County Commissioners Court did not issue a written determination that deliberation in an open meeting would have a detrimental effect on the position of the Commissioners Court in negotiating with a third person before conducting the closed meeting; and (3) the Waller County Commissioners Court did not make a tape recording of the closed meeting.

II.     **Agreed Stipulation of Fact Regarding Extraterritorial Jurisdiction of City of Hempstead.**

The Ordinance 2013-001 authorizes and allows disposal of solid waste within certain areas of the City of Hempstead's extraterritorial jurisdiction ("ETJ"). Those certain areas consist of the areas described in Exhibit A of Ordinance 2013-001 that are within one mile of the city limits of the City of Hempstead.

III.     **Agreed Stipulation of Fact that the Host Agreement is a Contract.**

The Host Agreement is a contract.

Agreed:

Kelly Dempsey
Kdempsey@olsonllp.com
Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
ATTORNEYS FOR CITY OF HEMPSTEAD

By: _____

V. Blayre Peña
bpena@hslawmail.com
Wesley P. McGuffey
wmcguffey@hslawmail.com
Hance Scarborough, LLP
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Facsimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Facsimile: (979) 826-8989
ATTORNEYS FOR
INTERVENORS/CITIZENS AGAINST
LANDFILL

By: _____

J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12ᵗʰ St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
ATTORNEYS FOR WALLER COUNTY
DEFENDANTS

By: _____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
ATTORNEYS FOR PINTAIL LANDFILL, LLC

By: _____

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS<br>    Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| and | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL | § | WALLER COUNTY, TEXAS |
| IN HEMPSTEAD | § | |
| | § | |
| v. | § | |
| | § | |
| WALLER COUNTY, TEXAS, ET. AL. | § | |
|    Defendants. | § | 506TH JUDICIAL DISTRICT |



## JOINT MOTION FOR ENTRY OF AGREED FINAL JUDGMENT

Plaintiff City of Hempstead ("Hempstead"), Plaintiff-Intervenor Citizens Against the Landfill in Hempstead ("CALH"), Defendant Pintail Landfill, LLC ("Pintail") and Defendant Waller County, Texas; Glenn Beckendorff, in his official capacity as County Judge of Waller County, Texas; John Amsler, Frank Pokluda, Jeron Barnett, and Stan Kitzman in their official capacities as County Commissioner for Waller County, Texas, (collectively "Waller County"), file this Agreed Joint Motion for Entry of Agreed Final Judgment.

1.      On March 20, 2013, Hempstead filed suit against Waller County and Pintail for injunctive and declaratory relief. CALH filed its petition in intervention on March 21, 2013. On April 11, 2014, Hempstead filed its Second Amended Petition for Declaratory and Injunctive Relief and CALH filed its Second Amended Petition in Intervention.

2.      Pintail filed cross-claims and counter-claims, which were subsequently non-suited with the exception of Pintail's claim under the UDJA that Ordinance 2013-001 was valid.

3. After a trial on the merits, the Court submitted the case to the jury on December 18, 2014. The charge and verdict is attached hereto as Exhibit A, and fully incorporated by reference.

4. On January 14, 2015, CALH filed its First Amended Motion to Enter Judgment on the Verdict and First Amended Motion to Enter Judgment on Outstanding Issues of Law. On January 15, 2015, Hempstead filed its First Amended Motion for Entry of Judgment. On January 16, 2015, Waller County and Pintail filed their Motions for Judgment Notwithstanding the Verdict and Responses to CALH's and Hempstead's Motions to Enter Judgment on the Verdict and Motions to Enter Judgment on Outstanding Issues of Law.

5. Subsequently, the Parties have entered into settlement negotiations and have reached a settlement agreement for entry of an agreed final judgment, resolving all issues in this lawsuit, except any claim, defense, or assertion, whether one or more, that has been or may in the future be raised in any forum, regarding the validity of Waller County Ordinance No. 2011-001 and/or its applicability to (a) Texas Commission on Environmental Quality MSW Registration NO. 40259 (Pintail Landfill Transfer Station), (b) Texas Commission on Environmental Quality MSW Permit Application No. 2377 (Pintail Landfill), and/or (c) all or any part of the 410.37 acre facility site described in such registration and permit application. The Parties request the Court to enter the judgment attached hereto as Exhibit B.

6. All Parties agree to the proposed Agreed Final Judgment.

The Parties respectfully request that the Court grant their Joint Motion for Entry of Agreed Final Judgment.

Respectfully submitted,

Art Pertile
Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
ATTORNEYS FOR CITY OF HEMPSTEAD

By: _____


V. Blayre Peña
bpena@hslawmail.com
Hance Scarborough
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Fascimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Fascimile: (979) 826-8989
ATTORNEYS FOR INTERVENORS/CITIZENS
AGAINST LANDFILL

By: _____

James P. Allison
J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
ATTORNEYS FOR WALLER COUNTY
DEFENDANTS

By: _____


Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
ATTORNEYS FOR PINTAIL LANDFILL, LLC

By: _____

Filed_____
AT_3:07___O'Clock___P___M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY_____
DEPUTY

ORIGINAL

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas, Plaintiff | § § § | IN THE DISTRICT COURT OF · |
| And | § § | |
| CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD, Plaintiff Intervenor | § § § § | |
| v. | § § | WALLER COUNTY, TEXAS |
| WALLER COUNTY, TEXAS, COUNTY JUDGE BLENN BECKENDORFF, COMMISSIONER FRANK POKLUDA, COMMISSIONER STAN KITZMAN, COMMISSIONER JERON BARNET, COMMISSIONER JOHN AMSLER, and PINTAIL LANDFILL, L.L.C. Defendants. | § § § § § § § § § | 506th JUDICIAL DISTRICT |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason, without permission from the Court. When you enter the jury room to deliberate, you must surrender your phone and any other electronic device.

1



EXHIBIT

_____4_____

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes, unless you choose to keep them. When you are released from jury duty, the bailiff will promptly destroy your notes, unless you have retained them, so that no one can read what you wrote.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

2

7.      Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.      Do not answer questions by drawing straws or by any method of chance.

9.      Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

10.      The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, it will be juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers to pay for another trial. If a juror breaks any of these rules, tell that person to stop, and if such juror fails to do so, report it to the Court.

3

## DEFINITIONS & INSTRUCTIONS

In answering the questions below, please follow these definitions and instructions.

1. The term "Waller County" includes the Waller County Commissioners Court, Judge Glenn Beckendorff and Waller County Commissioners Frank Pokluda, Stan Kitzman, Jeron Barnett, and John Amsler.

2. Waller County is a governmental body.

3. All questions for the Jury relate to the time period on or before February 13, 2013.

4

## DEFINITIONS AND INSTRUCTIONS FOR QUESTION NUMBERS 1, 2, 3, AND 4

1. A governmental body may consult with its attorney in executive session to discuss the legal issues raised in connection with a proposed contract or a proposed ordinance, but it may not discuss non-legal matters.

   a. "Non-legal matters" include but are not limited to: (1) merits of enacting an ordinance; (2) merits of a proposed contract; (3) financial considerations of a proposed contract; or (4) matters of public policy; or (5) merits of an application.

   b. Legal issues include advice given to Waller County regarding the legal ramifications of facts and information and the legality of a proposed contract or proposed ordinance.

2. "Deliberation" means a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business.

3. "Meeting" means:

   a. A deliberation between a quorum of a governmental body or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action, or

   b. A gathering:
      i. That is conducted by the governmental body;
      ii. At which a quorum of members of the governmental body is present;
      iii. That has been called by the governmental body, and;
      iv. At which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.

4. "Closed Meeting" means a meeting to which the public does not have access.

5. "Quorum" means a majority of a governmental body.

6. A "walking quorum" occurs when members of a governmental body gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly, and intentionally, discuss a public matter with a quorum of that body at a place other than a posted meeting.

5

## QUESTION NUMBER 1

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to Ordinance 2013-001 in a closed meeting?

Answer: ___Yes___ ("Yes" or "No")

## QUESTION NUMBER 2

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to the Host Agreement in a closed meeting?

Answer: ___Yes___ ("Yes" or "No")

## QUESTION NUMBER 3

Do you find that at least three (3) members of the Waller County Commissioners Court engaged in a walking quorum related to the following items below?

(a)    Host Agreement        **Answer:** _____Yes_____ ("Yes" or "No")

(b)    Ordinance 2013-001    **Answer:** _____Yes_____ ("Yes" or "No")

## QUESTION NUMBER 4

"Negotiate" means to try to reach an agreement or compromise by discussion with others.

Do you find that one or more members of the Waller County Commissioners Court acted as a committee, authorized by at least three (3) members of the Commissioners Court, to negotiate the terms of the following items before presentation to the Waller County Commissioners Court for a vote?

Answer "Yes" or "No" for each of the following.

(a)  Host Agreement        Answer: _Yes_____ ("Yes" or "No")

(b)  Ordinance 2013-001     Answer: _Yes_____ ("Yes" or "No")

9

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Numbers 5, otherwise, do not answer Question Number 5.

## QUESTION NUMBER 5

Do you find that there were any committee meetings held that were not open to the public relating to the following?

(a)    Host Agreement        **Answer:** _Yes_ ("Yes" or "No")

(b)    Ordinance 2013-001        **Answer:** _Yes_ ("Yes" or "No")

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 6, otherwise, do not answer Question Number 6 and proceed to Question Number 7.

## INSTRUCTION FOR QUESTION NUMBER 6

A "rubber stamp" occurs when a committee's recommendations are approved without meaningful discussion.

## QUESTION NUMBER 6

Do you find that the Commissioners' vote at the February 13, 2013 open meeting was a rubber stamp of the following items?

(a)     Host Agreement                 Answer: __Yes__ ("Yes" or "No")

(b)     Ordinance 2013-001            Answer: __Yes__ ("Yes" or "No")

11

## INSTRUCTION FOR QUESTION NUMBERS 7 THROUGH 9

Public information means information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business. Public Information includes all documents, regardless of physical form or characteristics, created or received by Waller County in the transaction of public business. Public information includes, but is not limited to, e-mails, text messages, and other electronic recordings.

Waller County is required to preserve and manage its Public Information in accordance with applicable rules and laws governing the destruction and other disposition of state and local government records or Public Information.

Each Waller County Commissioner and the Waller County Judge is the officer for public information and the custodian of the information created or received by that county commissioners' office. Waller County or the elected county officer for information of that elective county office may determine a time for which information that is not currently in use will be preserved, subject to any applicable rule or law governing the destruction and other disposition of state and local government records or public information.

As an officer for public information, each Waller County Commissioner or County Judge is responsible for the release of public information. Each is required to: (1) make public information available for public inspection and copying; (2) carefully protect public information from deterioration, alteration, mutilation, loss, or unlawful removal; and (3) repair, renovate, or rebind public information as necessary to maintain it properly.

Each officer for public information is required to prominently display a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information. The officer shall display the sign at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body whose duties include receiving or responding to requests under this chapter.

As officers for public information, Waller County Commissioners and the Waller County Judge must promptly produce public information for inspection, duplication, or both upon request by any person for public information. "Promptly" means as soon as possible under the circumstances, that is, within a reasonable time, without delay. If an officer for public information cannot produce public information for inspection or duplication within 10 business days after the date the information is requested, the officer must certify that fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available for inspection or duplication.

12

## QUESTION NUMBER 7

Do you find that County Judge Glenn Beckendorff failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

13

## QUESTION NUMBER 8

Do you find that Waller County Precinct Two Commissioner Frank Pokluda failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

14

## QUESTION NUMBER 9

Do you find that Waller County Precinct Four Commissioner Stan Kitzman failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

15

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1.     to preside during your deliberations,

2.     to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3.     to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4.     to vote on the questions,

5.     to write your answers to the questions in the spaces provided, and

6.     to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

If you have a question, you must submit such question in writing to the Court. The Presiding Juror must write out the question, sign same and hand the note to the Bailiff, who will present it to the Court. Do not discuss the question with the Bailiff.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____
Terry L. Flenniken
JUDGE PRESIDING

*Filed 934/a*
*12.18.14*
*TF, Judge Presiding*

16

**Certificate**

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

*Verdict TH*

(To be signed by the presiding juror if the jury is unanimous.)

_____

PRESIDING JUROR

_____

Printed Name of Presiding Juror

*Verdict TH*

(To be signed by those rendering the verdict if the jury is not unanimous.)

| Jurors' Signatures | Jurors' Printed Names |
|---|---|
| | Charles D. Steinmetz |
| | Michael A. Lannon |
| | Joyce Bean |
| | Randy Theiss |
| | Joyce Callaway |
| | Lilliana Salinas |
| | Scott McKenzie Jr |
| | Robert L. Derrick |
| | Juan Aviles |
| | Nancy Willers |
| | Trisha Smith |

17

Cause No. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, TEXAS | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| and | § | |
| | § | |
| CITIZENS AGAINST THE LANDFILL | § | WALLER COUNTY, TEXAS |
| IN HEMPSTEAD | § | |
| | § | |
| v. | § | |
| | § | |
| WALLER COUNTY, TEXAS, ET. AL. | § | |
| Defendants. | § | 506TH JUDICIAL DISTRICT |

## AGREED FINAL JUDGMENT

Before the Court is the above-styled and numbered cause of action. On December 1, 2014, the case was called for trial. Plaintiff City of Hempstead ("Hempstead") appeared through its attorney of record and announced ready for trial. Plaintiff-Intervenor Citizens Against the Landfill in Hempstead ("CALH") appeared through its attorney of record and announced ready for trial. Defendants, Waller County, Texas including the elected officials of the Waller County Commissioners Court, in their official capacities (collectively "Waller County"), appeared in person and by their attorney of record and announced not ready for trial. Defendant, Pintail Landfill, LLC, ("Pintail") appeared in person and by its attorney of record and announced not ready for trial. After denying the Motions to Abate and Requests for Continuance, a jury, consisting of 12 qualified jurors having been previously demanded, was duly empanelled and the case proceeded to trial.



EXHIBIT
B

The Court, after examining the record and the evidence and argument of counsel, finds that venue is proper in Waller County, that the Court has jurisdiction over the subject matter and the parties in this case, and that the Court has jurisdiction to enter a judgment in this case.

At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The charge of the Court and the verdict of the jury are incorporated for all purposes by reference, and attached hereto as Exhibit 1. The Parties also entered into certain Stipulations of Fact, which are incorporated for all purposed by reference, and attached hereto as Exhibit 2.

Following the verdict of the jury of December 18, 2014, Hempstead, CALH, Pintail Landfill and Waller County filed a Joint Motion for Entry of Agreed Final Judgment. In said Motion, the parties represent that they have reached a settlement agreement concerning the jury verdict and the remaining legal and factual issues pending before the Court and have agreed to the entry of final judgment.

Accordingly, the Court renders the following Agreed Final Judgment:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Waller County Ordinance No. 2013-001 is void.

IT IS FURTHER ORDERED that the Host Agreement between Waller County, Texas, and Pintail Landfill, LLC is void.

IT IS FURTHER ORDERED that Plaintiff City of Hempstead have and recover from Waller County attorneys' fees in the amount of Two Hundred Forty-Five Thousand Dollars and no cents ($245,000).

IT IS FURTHER ORDERED that Plaintiff-Intervenor Citizens Against the Landfill in Hempstead have and recover from Waller County attorneys' fees in the amount of Three Hundred Twenty-Five Thousand Dollars and no cents ($325,000).

IT IS FURTHER ORDERED that the total amount of the judgment rendered will bear interest at a rate of Five Percent (5%) per annum from the date of this judgment until paid in full.

Pursuant to the terms of the parties' settlement agreement giving rise to this Agreed Final Judgment, the parties do not present to this Court for adjudication, and this Court does not adjudicate, any issue concerning any claim, defense, or assertion, whether one or more, that has been or may in the future be raised in any forum, regarding the validity of Waller County Ordinance No. 2011-001 and/or its applicability to (a) Texas Commission on Environmental Quality MSW Registration No. 40259 (Pintail Landfill Transfer Station), (b) Texas Commission on Environmental Quality MSW Permit Application No. 2377 (Pintail Landfill), and/or (c) all or any part of the 410.37 acre facility site described in such Registration and Permit Application.

All costs of court spent or incurred in this cause are to be borne by the party incurring same. All writs and processes for the enforcement and collection of this judgment may issue as necessary.

All other relief requested in the live pleadings of any party that is not specifically granted is DENIED. This is a final judgment that disposes of all claims and parties.

SIGNED this _____ day of _____, 2015.


_____
TERRY L. FLENNIKEN, JUDGE PRESIDING

**AGREED AS TO FORM AND SUBSTANCE:**

Art Pertile
Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
**ATTORNEYS FOR CITY OF HEMPSTEAD**

By:_____

V. Blayre Peña
bpena@hslawmail.com
Hance Scarborough
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Fascimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Fascimile: (979) 826-8989
**ATTORNEYS FOR INTERVENORS/CITIZENS AGAINST LANDFILL**

By:_____

James P. Allison
J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
**ATTORNEYS FOR WALLER COUNTY DEFENDANTS**

By:_____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
**ATTORNEYS FOR PINTAIL LANDFILL, LLC**

By:_____

FILED _____
AT 3:07 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY_____
DEPUTY

ORIGINAL

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas, <br>     Plaintiff | § <br> § <br> § | IN THE DISTRICT COURT OF |
| And | § <br> § | |
| CITIZENS AGAINST THE LANDFILL IN <br> HEMPSTEAD, <br>     Plaintiff Intervenor | § <br> § <br> § <br> § | |
| v. | § <br> § | WALLER COUNTY, TEXAS |
| WALLER COUNTY, TEXAS, COUNTY <br> JUDGE BLENN BECKENDORFF, <br> COMMISSIONER FRANK POKLUDA, <br> COMMISSIONER STAN KITZMAN, <br> COMMISSIONER JERON BARNET, <br> COMMISSIONER JOHN AMSLER, and <br> PINTAIL LANDFILL, L.L.C. <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 506th JUDICIAL DISTRICT |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason, without permission from the Court. When you enter the jury room to deliberate, you must surrender your phone and any other electronic device.

1



EXHIBIT
1

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes, unless you choose to keep them. When you are released from jury duty, the bailiff will promptly destroy your notes, unless you have retained them, so that no one can read what you wrote.

Here are the instructions for answering the questions.

1.    Do not let bias, prejudice or sympathy play any part in your decision.

2.    Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.    You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.    If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.    All the questions and answers are important. No one should say that any question or answer is not important.

6.    Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

7.      Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.      Do not answer questions by drawing straws or by any method of chance.

9.      Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

10.     The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, it will be juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers to pay for another trial. If a juror breaks any of these rules, tell that person to stop, and if such juror fails to do so, report it to the Court.

3

## DEFINITIONS & INSTRUCTIONS

In answering the questions below, please follow these definitions and instructions.

1. The term "Waller County" includes the Waller County Commissioners Court, Judge Glenn Beckendorff and Waller County Commissioners Frank Pokluda, Stan Kitzman, Jeron Barnett, and John Amsler.

2. Waller County is a governmental body.

3. All questions for the Jury relate to the time period on or before February 13, 2013.

4

## DEFINITIONS AND INSTRUCTIONS FOR QUESTION NUMBERS 1, 2, 3, AND 4

1. A governmental body may consult with its attorney in executive session to discuss the legal issues raised in connection with a proposed contract or a proposed ordinance, but it may not discuss non-legal matters.

    a. "Non-legal matters" include but are not limited to: (1) merits of enacting an ordinance; (2) merits of a proposed contract; (3) financial considerations of a proposed contract; or (4) matters of public policy; or (5) merits of an application.

    b. Legal issues include advice given to Waller County regarding the legal ramifications of facts and information and the legality of a proposed contract or proposed ordinance.

2. "Deliberation" means a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business.

3. "Meeting" means:

    a. A deliberation between a quorum of a governmental body or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action, or

    b. A gathering:
        i. That is conducted by the governmental body;
        ii. At which a quorum of members of the governmental body is present;
        iii. That has been called by the governmental body, and;
        iv. At which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.

4. "Closed Meeting" means a meeting to which the public does not have access.

5. "Quorum" means a majority of a governmental body.

6. A "walking quorum" occurs when members of a governmental body gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly, and intentionally, discuss a public matter with a quorum of that body at a place other than a posted meeting.

5

## QUESTION NUMBER 1

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to Ordinance 2013-001 in a closed meeting?

Answer: _____Yes_____ ("Yes" or "No")

6

## QUESTION NUMBER 2

Do you find that the Waller County Commissioner's Court deliberated non-legal matters relating to the Host Agreement in a closed meeting?

Answer: ___Yes___ ("Yes" or "No")

7

## QUESTION NUMBER 3

Do you find that at least three (3) members of the Waller County Commissioners Court engaged in a walking quorum related to the following items below?

(a)    Host Agreement          Answer: __Yes__ ("Yes" or "No")

(b)    Ordinance 2013-001       Answer: __Yes__ ("Yes" or "No")

8

## QUESTION NUMBER 4

"Negotiate" means to try to reach an agreement or compromise by discussion with others.

Do you find that one or more members of the Waller County Commissioners Court acted as a committee, authorized by at least three (3) members of the Commissioners Court, to negotiate the terms of the following items before presentation to the Waller County Commissioners Court for a vote?

Answer "Yes" or "No" for each of the following.

(a)   Host Agreement          Answer: __Yes__ ("Yes" or "No")

(b)   Ordinance 2013-001      Answer: __Yes__ ("Yes" or "No")

9

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 5, otherwise, do not answer Question Number 5.

## QUESTION NUMBER 5

Do you find that there were any committee meetings held that were not open to the public relating to the following?

(a) Host Agreement      **Answer:** ___Yes___ ("Yes" or "No")

(b) Ordinance 2013-001      **Answer:** ___Yes___ ("Yes" or "No")

10

If you answered "yes" to Question Number 4(a) or 4(b), answer Question Number 6, otherwise, do not answer Question Number 6 and proceed to Question Number 7.

## INSTRUCTION FOR QUESTION NUMBER 6

A "rubber stamp" occurs when a committee's recommendations are approved without meaningful discussion.

## QUESTION NUMBER 6

Do you find that the Commissioners' vote at the February 13, 2013 open meeting was a rubber stamp of the following items?

(a)     Host Agreement          Answer: __Yes__          ("Yes" or "No")

(b)     Ordinance 2013-001     Answer: __Yes__          ("Yes" or "No")

11

## INSTRUCTION FOR QUESTION NUMBERS 7 THROUGH 9

Public information means information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business. Public Information includes all documents, regardless of physical form or characteristics, created or received by Waller County in the transaction of public business. Public information includes, but is not limited to, e-mails, text messages, and other electronic recordings.

Waller County is required to preserve and manage its Public Information in accordance with applicable rules and laws governing the destruction and other disposition of state and local government records or Public Information.

Each Waller County Commissioner and the Waller County Judge is the officer for public information and the custodian of the information created or received by that county commissioners' office. Waller County or the elected county officer for information of that elective county office may determine a time for which information that is not currently in use will be preserved, subject to any applicable rule or law governing the destruction and other disposition of state and local government records or public information.

As an officer for public information, each Waller County Commissioner or County Judge is responsible for the release of public information. Each is required to: (1) make public information available for public inspection and copying; (2) carefully protect public information from deterioration, alteration, mutilation, loss, or unlawful removal; and (3) repair, renovate, or rebind public information as necessary to maintain it properly.

Each officer for public information is required to prominently display a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information. The officer shall display the sign at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body whose duties include receiving or responding to requests under this chapter.

As officers for public information, Waller County Commissioners and the Waller County Judge must promptly produce public information for inspection, duplication, or both upon request by any person for public information. "Promptly" means as soon as possible under the circumstances, that is, within a reasonable time, without delay. If an officer for public information cannot produce public information for inspection or duplication within 10 business days after the date the information is requested, the officer must certify that fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available for inspection or duplication.

12

## QUESTION NUMBER 7

Do you find that County Judge Glenn Beckendorff failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

13

## QUESTION NUMBER 8

Do you find that Waller County Precinct Two Commissioner Frank Pokluda failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: _Yes_ ("Yes" or "No")

14

## QUESTION NUMBER 9

Do you find that Waller County Precinct Four Commissioner Stan Kitzman failed to comply with any of the following?

(a) Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(b) Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

(c) Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

(d) Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e) Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Answer: __Yes__ ("Yes" or "No")

15

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1.  to preside during your deliberations,

2.  to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3.  to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4.  to vote on the questions,

5.  to write your answers to the questions in the spaces provided, and

6.  to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

If you have a question, you must submit such question in writing to the Court. The Presiding Juror must write out the question, sign same and hand the note to the Bailiff, who will present it to the Court. Do not discuss the question with the Bailiff.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

Terry L. Flenniken
JUDGE PRESIDING

*Filed 93½*
*12.18.14*
*TLF, Judge Presiding*

16

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict. *Verdict 7h 7*

(To be signed by the presiding juror if the jury is unanimous.)

_____

PRESIDING JUROR

_____

Printed Name of Presiding Juror *verdict 7h 7*

(To be signed by those rendering the verdict if the jury is not unanimous.)

| Jurors' Signatures | Jurors' Printed Names |
|---|---|
| *[signature]* | Charles D. Steinmetz |
| *[signature]* | Michael A. Lannon |
| *[signature]* | Joyce Bean |
| *[signature]* | Randy Theiss |
| *[signature]* | Joyce Callaway |
| *[signature]* | Lilliana Salinas |
| *[signature]* | Scott McKenzie Jr |
| *[signature]* | Robert L. Derrick |
| *[signature]* | Juan Aviles |
| *[signature]* | Nancy Willers |
| *[signature]* | Trisha Smith |

17

CAUSE NO. 13-03-21872

| | | |
|---|---|---|
| CITY OF HEMPSTEAD, Texas,<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| And | §<br>§ | |
| CITIZENS AGAINST THE LANDFILL IN<br>HEMPSTEAD,<br>Plaintiff Intervenor | §<br>§<br>§<br>§ | |
| | § | |
| v. | §<br>§ | WALLER COUNTY, TEXAS |
| WALLER COUNTY, TEXAS, COUNTY<br>JUDGE BLENN BECKENDORFF,<br>COMMISSIONER FRANK POKLUDA,<br>COMMISSIONER STAN KITZMAN,<br>COMMISSIONER JERON BARNET,<br>COMMISSIONER JOHN AMSLER, and<br>PINTAIL LANDFILL, L.L.C.<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 506ᵗʰ JUDICIAL DISTRICT |

## AGREED STIPULATIONS OF FACT

COMES NOW Plaintiff City of Hempstead, Plaintiff Intervenor Citizens Against

the Landfill in Hempstead, and Defendants Waller County, Texas, County Judge Glenn

Beckendorff, Commissioner Frank Pokluda, Commissioner Stan Kitzman, Commissioner

Jeron Barnett, Commissioner John Amsler, and Pintail Landfill, LLC and presents these

Agreed Stipulations of Fact to the Court. The Parties agree that the existence of such

stipulations shall not be published to the Jury or mentioned in argument before the jury.

I.     **Agreed Stipulations of Fact Regarding Contract Exception to Open Meetings
       Act, Texas Government Code § 551.0725.**

Waller County Commissioners Court did not invoke Texas Government Code

§ 551.0725 (relating to Deliberation Regarding Contract Being Negotiated) to enter

executive session or closed meeting on February 13, 2013, January 2, 2013, or December

*Received and filed 12.17.14*
*543*
*p*

*Terry Flenniken*
*Judge Presiding*

AGREED STIPULATIONS OF FACT                                                    Page 1 of 3

EXHIBIT
2

19, 2012. The Waller County agenda notices and minutes for these meetings do not claim Texas Government Code § 551.0725 as authority for entering executive session.

Further, Waller County Commissioners Court did not meet any of the requirements to deliberate business or financial issues relating to a contract being negotiated, which are enumerated in Texas Government Code § 551.0725. Specifically, (1) the Waller County Commissioners Court did not vote unanimously that deliberation would have a detrimental effect on the position of the Commissioners Court in negotiating with a third person before conducting the closed meeting; (2) the attorney advising the Waller County Commissioners Court did not issue a written determination that deliberation in an open meeting would have a detrimental effect on the position of the Commissioners Court in negotiating with a third person before conducting the closed meeting; and (3) the Waller County Commissioners Court did not make a tape recording of the closed meeting.

II.    Agreed Stipulation of Fact Regarding Extraterritorial Jurisdiction of City of Hempstead.

The Ordinance 2013-001 authorizes and allows disposal of solid waste within certain areas of the City of Hempstead's extraterritorial jurisdiction ("ETJ"). Those certain areas consist of the areas described in Exhibit A of Ordinance 2013-001 that are within one mile of the city limits of the City of Hempstead.

III.    Agreed Stipulation of Fact that the Host Agreement is a Contract.

The Host Agreement is a contract.

Agreed:

Kelly Dempsey
Kdempsey@olsonllp.com
Corey R. Ouslander
couslander@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
Phone: (713) 533-3800
Facsimile: (713)533-3888
ATTORNEYS FOR CITY OF HEMPSTEAD

By: _____

V. Blayre Peña
bpena@hslawmail.com
Wesley P. McGuffey
wmcguffey@hslawmail.com
Hance Scarborough, LLP
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Phone: 512-479-8888
Facsimile: 512-482-6891 fax

Carol Chaney
Carol.chaney@thechaneyfirm.net
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, TX 77445
Phone: (979) 826-6660
Facsimile: (979) 826-8989
ATTORNEYS FOR
INTERVENORS/CITIZENS AGAINST
LANDFILL

By: _____

J. Eric Magee
e.magee@allison-bass.com
Allison, Bass & Associates, LLP
402 W. 12th St.
Austin, Texas 78701
Phone: (512) 482-0701
Facsimile: (512)480-0902
ATTORNEYS FOR WALLER COUNTY
DEFENDANTS

By: _____

Brent Ryan
bryan@msmtx.com
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Phone: (512) 327-8111
Facsimile: (512)327-6566
ATTORNEYS FOR PINTAIL LANDFILL, LLC

By: _____